**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

LORENZO M. KEITH, ) CASE NO. 1:15cv1604
)
)
Petitioner, ) JUDGE SARA LIOI
)
) MEMORANDUM OPINION
)
vs. )
)
)
RALPH HANSON, WARDEN, )
)
)
Respondent. )

*Pro se* petitioner Lorenzo M. Keith filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated in the Elkton Correctional Institution, having been convicted in the Northern District of Ohio of possession with the intent to distribute cocaine, possession of a firearm under disability, and distribution of cocaine. *See United States v. Lorenzo*, Case No. 1:08 CR 360-1 (N.D. Ohio 2008). Petitioner seeks an order vacating his federal criminal sentence, asserting that the career offender enhancement of that sentence is invalid under *Johnson v. United States*, ––– U.S. ––––, 135 S. Ct. 2551 (2015). For the reasons stated below, the petition is denied.

**I. BACKGROUND**

Petitioner was convicted in the Northern District of Ohio in 2008. He contends his sentence was enhanced as a career offender based on three prior Ohio convictions. He now challenges the constitutionality of his sentence in light of the Supreme Court's recent decision in *Johnson v. United States*, ––– U.S. ––––, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court

held the "residual clause" contained in a portion of the Armed Career Criminal Act is void for vagueness, and imposing an increased sentence under the residual clause violates due process. *Id*. at 2557. Petitioner contends that his Ohio robbery conviction cannot qualify as a crime of violence because he was sentenced to probation. He further claims that his Ohio conviction for possession of drugs was punishable by six to twelve months in prison, but he also received probation for this offense. Finally, he contends that his Ohio conviction for having a weapon under disability was a felony of the fourth or fifth degree and therefore did not qualify as a crime of violence. Petitioner asks this Court to vacate his sentence and resentence him to time served on his conviction.

## II. STANDARD OF REVIEW

A district court must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny a petition on initial review if it plainly appears from the face of the petition that the petitioner is not entitled to relief. *Id*. (citation omitted). The allegations in the petition are accepted as true and liberally construed in the petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citation omitted).

## III. ANALYSIS

As a general matter, 28 U.S.C. § 2255 and 28 U.S.C. § 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th

Cir. 2001). Therefore, claims asserted by federal prisoners seeking to challenge their sentences must be filed in the sentencing court pursuant to 28 U.S.C. § 2255. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

There is a "savings clause" in § 2255(e), which provides a narrow exception to the statutory scheme and allows a federal prisoner to challenge his conviction or sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (citation omitted). Section 2255 relief is not inadequate or ineffective, however, merely because § 2255 relief has been denied, petitioner is procedurally barred from pursuing § 2255 relief, or petitioner has been denied permission to file a second or successive § 2255 motion. *Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004). Rather, the Sixth Circuit has held the savings clause applies to allow a § 2241 petition only in the narrow circumstance where a petitioner demonstrates "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (citations omitted). Actual innocence means "factual innocence"; the petitioner must demonstrate "it is more likely than not that no reasonable juror would have convicted him." *Barnes*, 102 F. App'x at 443 (citations omitted).

Although petitioner refers to "actual innocence" in his petition, he challenges only his enhanced sentence as a career offender; he does not contend he is actually innocent of the underlying crimes for which he was sentenced. The Sixth Circuit has repeatedly instructed that "claims of sentencing error may not serve as the basis for an actual innocence claim" for purposes of a pursuing a motion under 28 U.S.C. § 2241. *See Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (collecting cases); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under

§ 2241") (citation omitted); *Hayes*, 473 F. App'x at 502 ("[t]he savings clause of section 2255(e) does not apply to sentencing claims"); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) ("A challenge to a sentence ... cannot be the basis for an actual innocence claim ...") (citation omitted).

Consequently, petitioner's challenge to his enhanced sentence is not cognizable under § 2241. Federal courts considering similar petitions have indicated that, if *Johnson* provides a petitioner a basis to challenge the constitutionality of his enhanced sentence, it might be through a motion or second or successive petition under 28 U.S.C. § 2255. *See, e.g., Tucker v. Snyder-Norris*, Civil No. 0:15-53-HRW, 2015 WL 5826825, at *3, n.1 (E.D. Ky. Oct. 1, 2015) (noting federal courts of appeals have reached different conclusions as to whether *Johnson* is retroactively applicable to cases on collateral review). Petitioner would need to file a § 2255 motion in his criminal case.

Of course, even if petitioner had utilized a § 2255 motion to challenge his sentence, he would likely not be entitled to relief under *Johnson*. While one of the prior offenses used to sentence petitioner as an armed career offender—robbery—would no longer qualify as a predicate offense, petitioner also had two prior controlled substance offenses that still qualify, even in the wake of *Johnson*, as valid career offender predicates. For this reason, the Court would not be able to find that petitioner's sentence "was imposed in violation of the Constitution or laws of the United States," and petitioner, therefore, would not be entitled to resentencing. *See* 28 U.S.C. § 2255.

## IV. CONCLUSION

For all the foregoing reasons, petitioner's application to Proceed *In Forma Pauperis* is granted, the petition is denied and this action is dismissed. The Court further

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 23, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**